■ In the Matter of HEATHER WW. and Another, Children Alleged to be Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WENDY XX., Appellant, et al., Respondent. [753 NYS2d 183] —Lahtinen, J. Appeals from two orders of the Family Court of Madison County (Di Stefano, J.), entered November 14, 2001 and January 3, 2002, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Jessica XX. to be neglected by respondent Wendy XX.

Jessica XX. (born in 1988) and Heather WW. (born in 1984)[1] lived with their mother, respondent Wendy XX. (hereinafter respondent), and her live-in boyfriend, respondent James F.[2] Petitioner commenced this neglect proceeding alleging, inter alia, that James engaged in a continuous course of conduct for several years of walking around the house naked and masturbating in a bedroom with the door open so that the children could see him. Although respondent was not present when this conduct occurred, she was informed about it by one of her daughters. Respondent confronted James and told him to stop the conduct. Thereafter, respondent continued to leave the

---

1. Heather is now 18 years old and attending college.
2. James has not appealed the finding of neglect by him.

children alone with James and made no inquiries of the children as to whether he had ceased his conduct. James continued his conduct and, in one subsequent incident, entered Jessica's bedroom while intoxicated, placed his head on her leg and licked her leg, causing the child anxiety and distress.

Petitioner obtained an order of protection excluding James from the home. Respondent, however, permitted him to stay in the home and consented to petitioner removing the children from the home. Following a hearing, Family Court found Jessica to be neglected. Jessica was placed in petitioner's custody for one year. Respondent appeals.

Contrary to respondent's contentions, we find that Family Court properly weighed the evidence and adhered to the statutory guidelines in determining that, under the circumstances, respondent neglected Jessica. A finding of neglect is warranted where, inter alia, parental failure to provide minimum care through proper supervision impairs or creates an imminent danger of impairment of a child's "physical, mental or emotional condition" (Family Ct Act § 1012 [f] [i] [B]; *see Matter of Aishia O.*, 284 AD2d 581, 582). Neglect must be established by a preponderance of the evidence and the applicable objective standard considers whether a reasonable and prudent parent would have acted, or failed to act, when presented with the same circumstances (*see Matter of Jessica SS.*, 229 AD2d 616, 617-618; *Matter of Scott G.*, 124 AD2d 928, 929).

Here, the stipulated facts established that respondent was informed by her daughter in June or July 2000 that James had masturbated knowing his activity was being viewed by Jessica. While respondent told James to cease the conduct, she did not ask him to leave the residence, she continued to leave the children home alone with him and she made no inquiry to determine whether his conduct had stopped. James, who respondent was also aware had an ongoing alcohol problem, continued the conduct and engaged in the additional objectionable act of licking Jessica's leg, all of which created an imminent danger of impairment of Jessica's physical, mental and emotional condition. Even after petitioner obtained an order directing that James have no contact with respondent's children, respondent permitted him to remain in the home and surrendered the girls to petitioner. We conclude that the cumulative effect of respondent's acts and omissions were properly determined by Family Court to constitute neglect (*see Matter of Amanda RR.*, 293 AD2d 779, 781; *cf. Matter of Carrie R.*, 156 AD2d 756, 757).

Respondent's further argument that the placement of Jessica

in petitioner's care is not in the child's best interest is unpersuasive. Evidence at the dispositional hearing revealed that Jessica's school attendance and academic performance have improved since the placement. Moreover, respondent testified that she continues to maintain a relationship with James and that she does not believe it would be potentially harmful to have her daughter in the presence of James.

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the orders are affirmed, without costs.