■ In the Matter of RICHARD SS., a Child Alleged to be Abused and/or Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TAMMY TT., Appellant. [— NYS2d —]—

Spain, J. Appeal from an order of the Family Court of Schenectady County (Powers, J.), entered February 23, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be abused and neglected.

Petitioner commenced this severe abuse and neglect proceeding against respondent in July 2004 alleging that she had regularly engaged in sexual acts with a 16-year-old foster child in her care over the period of September 3, 2003 through June 2004. At the fact-finding hearing, Family Court granted respondent's motion to dismiss the petition—after petitioner's presentation of proof—finding the child's out-of-court statements had not been adequately corroborated. On appeal, we reinstated the petition against respondent,[1] finding ample corroboration of the child's statements and that petitioner had put forth prima facie evidence to support the charges (29 AD3d 1118 [2006]). Upon remittal, respondent presented her proof disputing the allegations and the child's credibility. Family Court concluded that respondent had failed to rebut petitioner's prima facie proof and determined that she had abused and neglected the child.

Respondent appeals, attempting at length to reargue our previous decision wherein we held that the child's consistent out-of-court statements were sufficiently corroborated during petitioner's presentation of proof, and petitioner had met its prima facie burden of establishing abuse or neglect by a preponderance of the evidence (id. at 1120-1123). That determination by this Court is the law of the case (see People v Evans, 94 NY2d 499, 502-503 [2000]). To the extent that respondent is urging us to exercise our discretion (see id. at 503) to reconsider the issue based upon an administrative determination— subsequent to our decision—that the June 2004 hotline report to which we made reference was unfounded (see Family Ct Act § 651-a), we are unpersuaded. The indicated report of child abuse cited in our prior decision played only a de minimis, secondary role in our conclusion that the child's statements had been adequately corroborated (29 AD3d at 1122-1123); the subsequent administrative reversal, without a hearing, does not meaningfully undermine our prior decision or warrant its discretionary reconsideration.

There is no need here to repeat all of the other evidence and testimony corroborating the child's out-of-court statements, which we detailed at length in that decision. Suffice it to say that the child made essentially consistent, detailed and credible signed, sworn statements to a State Police investigator (June 15, 2004) and a City of Schenectady police detective (July 2, 2004) describing that respondent regularly engaged in sexual intercourse and oral sex with him during the operative period

---

1. This Court affirmed the dismissal of a separate petition against respondent's husband, based upon insufficient evidence.

in her vehicle, at her home and at the group home where he was placed after removal from respondent's home. The statements were corroborated, well beyond the required "relatively low degree of corroborative evidence" (*Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]), by statements he made to caseworkers, a validation expert,[2] and the daughter of his subsequent foster mother (the hotline caller), as well as phone and school records (29 AD3d at 1119-1123). We did not, as petitioner now alleges, conclude that the child's statements were adequately corroborated merely because they were "detailed enough and repeated often enough." Rather, we recognized that "mere repetition of the accusations is insufficient [although] some corroboration can be provided through the consistency of a child's statements" (29 AD3d at 1121 [citations omitted]).

In an attempt to rebut petitioner's proof, respondent testified, denying any sexual contact with the child, and she presented the testimony of her husband, mother and stepson. These witnesses essentially claimed that they never observed or overheard any inappropriate conduct and that the child inaccurately described respondent's tattoo on her back (which is visible while clothed) and her pubic area as shaven. They also testified that respondent had various physical limitations rendering impossible some of the alleged sexual activity. The attorney for the child then called the child's caseworker, who testified, tellingly, that the child revealed that respondent had initiated sex with him shortly after his arrival in her home, and they had sex on a regular and consistent basis in various locations. After he was removed from the home, the caseworker and the child met with respondent and her husband (usually separately because they did not come together) for meetings focused on reunification. During these meetings the husband—out of respondent's presence—expressed concern about respondent's "unhealthy" relationship with the child; he described it as closer than respondent's relationship to her own children and husband, resulting in a "house divided" with respondent and the child on one side, and the rest of the family on the other.

Family Court concluded that respondent's physical limitations did not render it impossible for her to commit the sex acts alleged and discredited her denials. According deference to Fam-

---

2. While we noted that the validator had qualified her opinion regarding the child's credibility upon cross-examination when she learned certain aspects of the child's history for the first time, we found that her testimony provided further corroborative support for the child's out-of-court statements, given the consistency in the child's statement to her and to others (29 AD3d at 1123). We also concluded, as did Family Court, that petitioner had presented sufficient overall evidence even without the validator's testimony.

ily Court's credibility determinations, the court's factual determinations are soundly supported by a preponderance of evidence in the record, and the finding of abuse and neglect will not be disturbed (*see Matter of Joshua QQ.*, 290 AD2d at 843; *see also* Family Ct Act § 1046 [b]).

Lahtinen, Kane, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.