■ In the Matter of Brooke KK., a Child Alleged to be Abused. Chemung County Department of Social Services, Respondent; Paul KK., Appellant. [892 NYS2d 671]—

Garry, J.

Respondent and his daughter, who was three years old at the time of these events, live in Chemung County. In January 2007, the child's mother expressed concern to the child's physician that the child might have been sexually abused. The physician advised her to take the child to the emergency room for an examination. The next day, upon learning that the mother had not done so, the physician made a "hotline" call, and petitioner

initiated an investigation. Respondent and the mother, accompanied by petitioner's caseworker and a State Police investigator, brought the child to the emergency room, where she was examined and made statements that implicated respondent. Petitioner subsequently commenced this proceeding alleging that respondent engaged in abuse and severe abuse of the child, in that he sexually abused her by inserting his fingers into her vagina. After a fact-finding hearing, Family Court found that the abuse allegation was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]), but that the severe abuse allegation was not supported by clear and convincing evidence (*see* Family Ct Act § 1046 [b] [ii]). The court conducted a dispositional hearing, found certain proposed terms and conditions appropriate, and ordered respondent to comply with them. Respondent now appeals.

Respondent's sole contention is that the evidence presented at the fact-finding hearing was legally insufficient to support Family Court's finding of abuse. A finding that a child was sexually abused requires proof that the respondent committed an act constituting a sexual crime under Penal Law article 130 (*see* Family Ct Act § 1012 [e] [iii]), consisting here of the class D felony of sexual contact with a person under the age of 11 years old (*see* Penal Law § 130.65 [3]). It was petitioner's burden to establish by a preponderance of the evidence that respondent committed the alleged acts (*see* Family Ct Act § 1046 [b] [i]; *Matter of Nathaniel II.*, 18 AD3d 1038, 1039 [2005], *lv denied* 5 NY3d 707 [2005]). To meet this burden, petitioner offered the testimony of its caseworker, who testified that, in the caseworker's presence, the child told an emergency room nurse that her vaginal area hurt and, when asked for the reason, said "Daddy. Daddy's big finger." Later, the child allegedly made similar statements directly to the caseworker and "shut down" in response to additional questioning about her father. These out-of-court statements were admissible but, to serve as the basis for a finding of abuse, required corroboration "by any other evidence tending to support their reliability" (*Matter of Nicole V.*, 71 NY2d 112, 118 [1987] [internal quotation marks, citation and brackets omitted]; *see* Family Ct Act § 1046 [a] [vi]). " '[A] relatively low degree of corroborative evidence is sufficient in abuse proceedings' " (*Matter of Sasha R.*, 24 AD3d 902, 903 [2005], quoting *Matter of Joshua QQ.*, 290 AD2d 842, 843 [2002]; *accord Matter of Rebecca KK.*, 61 AD3d 1035, 1036 [2009]).

As corroboration, Family Court relied upon the testimony of a State Police investigator that, during an interview, respondent

initially denied wrongdoing, but later admitted that he had touched the child's vaginal area on two occasions and that he needed help. After signing a written transcription of his statement, respondent allegedly shook the hand of another investigator, thanked him, and repeated that he needed help. While the court noted its concern that medical evidence was lacking,* it found that the interviewing investigator's testimony as to the details of the interview was highly credible, that it refuted the opinion of a psychologist that respondent was easily manipulated and had been pressured into making his statement, and that respondent's testimony that his admissions were lies was weak and unconvincing. According the appropriate deference to the court's credibility determinations, we find that the child's statements were sufficiently corroborated by respondent's admissions, and the court's conclusion that the child was abused is supported by a preponderance of the evidence and need not be disturbed (see Matter of Richard SS., 55 AD3d 1001, 1003-1004 [2008]; Matter of Senator NN., 11 AD3d 771, 772 [2004]; Matter of Joshua QQ., 290 AD2d at 843; see also Family Ct Act § 1046 [b] [i]).

Mercure, J.P., Peters, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

---

* The child's physician testified that he observed some redness and soreness in her vaginal area but could reach no definite conclusion as to its cause. Additionally, there was evidence that the child suffered from other conditions that could have caused these symptoms and that the symptoms persisted for months after contact with respondent ceased.