■ In the Matter of JUSTIN CC. and Others, Children Alleged to be Abused and Neglected. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TINA CC. et al., Appellants. (And Another Related Proceeding.) [909 NYS2d 771]—

Peters, J. Appeals from two orders of the Family Court of Chemung County (Hayden, J.), entered January 5, 2009 and April 16, 2009, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondents' children to be abused and neglected.

Respondents George CC. (hereinafter the father) and Tina CC. (hereinafter the mother) are the parents of three sons (born in 1996, 1999 and 2001). The mother also has a daughter from a prior relationship (born in 1992). On November 28, 2006, the daughter left a note with her school guidance counselor requesting that she be removed from her home. Upon meeting with the guidance counselor, the daughter reported that her parents forced her to stand in the corner earlier that morning while they slapped her and pulled her hair, and that she was regularly subjected to physical abuse by them, including being beaten with a belt on nearly a daily basis. That same day, the daughter met with one of petitioner's caseworkers and reiterated the events that had transpired that morning. She also disclosed, among other things, being frequently whipped with a belt with her pants and underwear down and being made to "pick cherries," a painful military exercise wherein she was made to stand with her arms outstretched and simulate picking cherries off of a wall. Later that day, with the mother's consent, the daughter was placed into foster care.

Petitioner subsequently charged respondents with neglect of the children. In April 2007, the daughter was freed for adoption upon the mother's surrender of her parental rights. Thereafter, in the summer of 2007, the daughter revealed to her foster mother that the father had sexual intercourse with her on at least 20 occasions between the summer of 2006 and the time she was placed in foster care. During an interview with one of petitioner's caseworkers and a police investigator, and in a later written statement, the daughter detailed the father's sexual abuse of her and reiterated when, where and how he had forced

her to have sexual intercourse. Following this investigation, the petitions were amended to allege that the father had sexually abused the daughter and derivatively abused his sons.

A fact-finding hearing ensued, during the course of which the daughter provided sworn in-court testimony outside the presence of respondents, but with all counsel present and afforded a full opportunity to cross-examine her. Following the hearing, Family Court found that the father abused the daughter and derivatively abused the sons, and that both the mother and the father neglected all four children. At the dispositional hearing, respondents each stipulated to the terms of a dispositional order and the father consented to the entry of an order of protection. Respondents appeal from the order sustaining the petitions,* with the father also appealing the dispositional order applicable to him.

The father contends that the findings of neglect and abuse against him were not established by a preponderance of the evidence, specifically claiming that Family Court should not have credited the daughter's testimony and that the daughter's out-of-court statements were not sufficiently corroborated. We disagree. "A child's previous out-of-court allegations of abuse or neglect are admissible but, to support a finding of abuse or neglect, must be corroborated by other evidence introduced during the proceeding that tends to establish their reliability" (*Matter of Telsa Z. [Rickey Z.—Denise Z.]*, 71 AD3d 1246, 1249 [2010] [internal quotation marks and citations omitted]; *see* Family Ct Act § 1046 [a] [vi]; *Matter of Rebecca KK.*, 61 AD3d 1035, 1036 [2009]). A relatively low degree of corroborative evidence is sufficient to meet this threshold (*see Matter of Kole HH.*, 61 AD3d 1049, 1051-1052 [2009], *lv dismissed* 12 NY3d 898 [2009]; *Matter of Caitlyn U.*, 46 AD3d 1144, 1146 [2007]), and the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court and will not be disturbed unless clearly unsupported by the record (*see Mat-*

---

* When these appeals were first before us, the father argued that the daughter's testimony during the fact-finding hearing, the transcript of which remained sealed for the purposes of these appeals, should not be maintained confidential because it was not obtained during the course of a true *Lincoln* hearing. We agreed, finding that testimony from a child during the fact-finding stage of a Family Ct Act article 10 proceeding, taken outside the presence of the respondent but with counsel present and permitted to cross-examine the child, "is fundamentally different from *Lincoln* testimony and is not entitled to the protections [of confidentiality] afforded by *Lincoln*" (*Matter of Justin CC. [Tina CC.]*, 77 AD3d 207, 209 [2010]). Accordingly, we granted the father's motion to unseal the daughter's testimony and held these appeals in abeyance to permit the parties to rebrief and reargue the issues in accordance with the conditions set forth in that decision.

*ter of Brandi U.*, 47 AD3d 1103, 1104 [2008]; *Matter of Kayla N.*, 41 AD3d 920, 922 [2007]; *Matter of Addie F.*, 22 AD3d 986, 987 [2005]).

Here, the testimony of the third parties as to the hearsay statements made by the daughter regarding the father's sexual and physical abuse were sufficiently corroborated by the daughter's detailed in-court testimony (*see Matter of Christina F.*, 74 NY2d 532, 536-537 [1989]; *Matter of Aaliyah B. [Clarence B.]*, 68 AD3d 1483, 1484 [2009]; *Matter of Brandi U.*, 47 AD3d at 1104), which was consistent in all material respects with her prior statements. Her out-of-court statements regarding the father's sexual abuse were further corroborated by her written statement to police (*see Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]). Family Court found the daughter's testimony to be "fully credible," and concluded that the father's "string of denials" completely undermined his credibility. According due deference to the court's credibility assessments and factual findings, we conclude that its determination that the daughter was abused and neglected by the father is soundly supported by a preponderance of evidence in the record and will not be disturbed (*see Matter of Brooke KK. [Paul KK.]*, 69 AD3d 1059, 1061 [2010]; *Matter of Richard SS.*, 55 AD3d 1001, 1003-1004 [2008]; *Matter of Senator NN.*, 11 AD3d 771, 772 [2004]). Furthermore, a finding of derivative abuse and neglect was warranted as to his sons inasmuch as the father's repeated sexual and physical abuse of the daughter "demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in [his] care" (*Matter of Ian H.*, 42 AD3d 701, 704 [2007], *lv denied* 9 NY3d 814 [2007] [internal quotation marks and citations omitted]; *see Matter of Nathaniel TT.*, 265 AD2d 611, 614 [1999], *lv denied* 94 NY2d 757 [1999]; *Matter of Amanda LL.*, 195 AD2d 708, 709 [1993]).

The mother similarly asserts that the daughter's out-of-court statements were insufficiently corroborated to support a finding that she neglected her children. Again, we disagree. The daughter's out-of-court statements regarding her mother's use of inappropriate physical punishment were corroborated by her sworn in-court testimony, as well as the mother's testimony that she disciplined the daughter by spanking her with a belt, that she was present while the father did so and that "cherry picking" was used as a form of punishment. The mother's commission of these acts of excessive corporal punishment, and her failure to intervene and protect the daughter from the father's physical abuse, furnishes ample support for Family Court's determination that she neglected the daughter (*see Matter of*

*Chelsea BB.*, 34 AD3d 1085, 1087 [2006], *lv denied* 8 NY3d 806 [2007]; *Matter of Kim HH.*, 239 AD2d 717, 719 [1997]). As for the finding of neglect against her sons, out-of-court statements made to petitioner's caseworkers by the two younger sons, which served to cross-corroborate each other (*see Matter of Nicole V.*, 71 NY2d 112, 124 [1987]; *Matter of Justin O.*, 28 AD3d 877, 879 [2006]), revealed that all three sons had been beaten with a belt by both parents. Notably, each of the sons also reported being made to witness the corporal punishment imposed on the daughter. Given the history of violence in this household as a means of discipline, the record fully supports the finding that the mother's role in exposing and subjecting the three boys to excessive physical punishment caused such a harmful impact on them to sufficiently support a finding of neglect as to each of them (*see Matter of Chelsea BB.*, 34 AD3d at 1087; *Matter of Richard T.*, 12 AD3d 986, 987-988 [2004]; *Matter of Catherine KK.*, 280 AD2d 732, 734-735 [2001]).

Finally, the father challenges the term of the order of disposition prohibiting him from having any contact with his sons. Since he consented to the terms of the dispositional order, however, he is not aggrieved and therefore has no right to appeal from its provisions (*see Matter of Bianca M.*, 57 AD3d 1253, 1253 [2008], *lv denied* 12 NY3d 705 [2009]; *Matter of Dawn N.*, 4 AD3d 634, 635 [2004], *lv dismissed* 2 NY3d 786 [2004]). To the extent that the father argues that the order of protection improperly extended beyond the supervisory period contained in the order of disposition (*see* Family Ct Act § 1056), he acknowledges that the order of protection has since been modified by Family Court to coincide with the term of supervision imposed by the dispositional order. As such, the issue is now moot.

Mercure, J.P., Spain, Rose and Kavanagh, JJ., concur. Ordered that the order entered January 5, 2009 is affirmed, without costs. Ordered that the appeal from the order entered April 16, 2009 is dismissed, without costs.