Matter of Raelene B. (Alex D.) (2020 NY Slip Op 00330)





Matter of Raelene B. (Alex D.)


2020 NY Slip Op 00330


Decided on January 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 16, 2020

526325

[*1]In the Matter of Raelene B. and Others, Alleged to be Neglected Children. Essex County Department of Social Services, Respondent; Alex D., Appellant.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Ruth A. Rowley, Glens Falls, for appellant.
Essex County Department of Social Services, Elizabethtown (David D. Scaglione of counsel), for respondent.
Reginald H. Bedell, Willsboro, attorney for the child.
Trinidad M. Martin, Glens Falls, attorney for the child.
James P. Curran, Hebron, attorney for the child.



Mulvey, J.
Appeal from an order of the Supreme Court (Meyer, J.), entered December 7, 2017 in Essex County, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent and the mother were in a relationship and lived together for nine years, ending in 2015. They have one child in common (born in 2008) (hereinafter the younger child). Their household also included, as relevant here, another child of the mother (born in 2002) (hereinafter the older child) and, beginning in 2014, the mother's niece (born in 1998). After the relationship between respondent and the mother ended, petitioner commenced this proceeding alleging that respondent had neglected the three children. Following a fact-finding hearing, Supreme Court issued a determination that the niece and the older child were neglected by respondent, and the younger child was derivatively neglected. Respondent appeals.
The record supports Supreme Court's finding that respondent was a "person legally responsible" for the care of the subject children. The Family Ct Act defines "person legally responsible" to include a "child's custodian, guardian, [or] any other person responsible for the child's care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child" (Family Ct Act § 1012 [g]). "The statute was 'intended to be construed broadly so as to include paramours or other nonparental persons who perform childcare duties which correspond with the traditional parent/child relationships'" (Matter of Alexandria XX. [Ronald X.], 80 AD3d 1096, 1097 [2011], quoting Matter of Nathaniel TT., 265 AD2d 611, 612 [1999], lv denied 94 NY2d 757 [1999]; see Matter of Gary J. [Engerys J.], 154 AD3d 939, 940-941 [2017]; Matter of Jamaal NN., 61 AD3d 1056, 1057 [2009], lv denied 12 NY3d 711 [2009]). "[D]eciding whether 'a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case'" (Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004 [2015], quoting Matter of Yolanda D., 88 NY2d 790, 796 [1996]).
Respondent lived with the mother for nine years, beginning when the older child was approximately three years old. The niece testified that she, as well as the older child, viewed respondent as a father figure in the household, and several other witnesses supported that testimony. Respondent often was the only adult present in the household with the children while the mother worked overnight shifts, and he would tuck the children into bed at night. Respondent testified that the mother regularly left the children in his care overnight and that he viewed himself as the primary caregiver. Under the circumstances, the evidence established that respondent was a person legally responsible for the care of the children in the household (see Matter of Trenasia J. [Frank J.], 25 NY3d at 1004-1005; Matter of Unity T. [Dennis T.], 166 AD3d 629, 631 [2018]; Matter of Gary J. [Engerys J.], 154 AD3d at 941).
There is a sound and substantial basis in the record to support Supreme Court's finding that petitioner met its burden of establishing that respondent neglected the niece and the older child and derivatively neglected the younger child. "'A party seeking to establish neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing proper supervision or guardianship'" (Matter of Johnathan Q. [James Q.], 166 AD3d 1417, 1418 [2018] [brackets omitted], quoting Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; see Family Ct Act § 1012 [f] [i]). "When determining whether a parent or guardian has failed to exercise a minimum degree of care, the relevant inquiry is whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances" (Matter of Cori XX. [Michael XX.], 145 AD3d 1207, 1208 [2016] [internal quotation marks and citations omitted]; accord Matter of Nathanael E. [Melodi F.], 160 AD3d 1075, 1076 [2018]). We accord great deference to Supreme Court's factual findings and credibility determinations, which we will not disturb unless they lack a sound and substantial record basis (see Matter of Nathanael E. [Melodi F.], 160 AD3d at 1076).
Adults engaging in sexual activity in a child's presence, including masturbating in front of a child, can be adequate grounds for a finding of neglect (see Matter of Ja'Dore G. [Cannily G.], 169 AD3d 544, 545 [2019]; Matter of Heather WW., 300 AD2d 940, 941 [2002]). The niece, who was a minor when respondent lived in the household but had turned 18 years old before the hearing, testified that respondent would regularly lie next to her on the couch and masturbate while he rubbed her thigh. This happened several nights per week, while the mother was not at home. Although respondent at first engaged in this conduct under a blanket, after a while he began showing his penis during these incidents. The niece further testified that the older child was present and witnessed this behavior on more than one occasion. Other witnesses also testified that the older child had told them that she witnessed similar events. Supreme Court found that on at least seven occasions respondent exposed his genitals and masturbated in the presence of the niece, that at times he rubbed her upper thigh while doing so, and that the older child was sitting next to the niece on at least one of those occasions, all of which created an imminent danger of impairment to those children's physical, mental and emotional health. Accepting Supreme Court's credibility determinations and factual findings, respondent's sexual behavior toward and in front of the niece and the older child constituted neglect of those two children (see Matter of Heather WW., 300 AD2d at 941).
Where one child has been sexually abused by an adult caregiver, courts have frequently held that " the perpetrator lacks any capacity to care for and protect the other children in his or her care," such that the adult derivatively neglected the other children in the household, especially where the abuse or neglect was repeated, involved more than one victim, or other children were nearby or in the same house when the sexual abuse occurred (Matter of Cadejah AA., 33 AD3d 1155, 1157 [2006]; see Matter of Kaydence O. [Destene P.], 162 AD3d 1131, 1135-1136 [2018]; Matter of Ian H., 42 AD3d 701, 704 [2007], lv denied 9 NY3d 814 [2007]; Matter of Shaun X., 300 AD2d 772, 772-773 [2002]). Evidence indicated that the younger child was in the house when respondent engaged in the inappropriate sexual behavior discussed above, and that respondent was the only adult present and responsible for the care of all the children at the time. Accordingly, the record supports Supreme Court's finding that respondent derivatively neglected the younger child (see Matter of Samantha F. [Edwin F.], 169 AD3d 549, 550 [2019], lv dismissed 33 NY3d 1042 [2019]; Matter of Ian H., 42 AD3d at 704; Matter of Cadejah AA., 33 AD3d at 1157).
Lynch, J.P., Clark, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.