Matter of Lily BB. (Stephen BB.) (2021 NY Slip Op 01106)





Matter of Lily BB. (Stephen BB.)


2021 NY Slip Op 01106


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

530654

[*1]In the Matter of Lily BB., Alleged to be an Abused and Neglected Child. Ulster County Department of Social Services, Appellant; Stephen BB., Respondent. Attorney for the Child, Appellant.

Calendar Date: February 8, 2021

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Colangelo, JJ.


Ulster County Department of Social Services, Kingston (Daniel Gartenstein of counsel), for Ulster County Department of Social Services, appellant.
Michelle I. Rosien, Philmont, attorney for the child, appellant.
Diana L. Kidd, PC, New Paltz (Diana L. Kidd of counsel), for respondent.



Aarons, J.
Appeals from three orders of the Family Court of Ulster County (Savona, J.), entered January 2, 2020 and January 3, 2020, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be abused and neglected.
Respondent is the father of a daughter (born in 2014). Petitioner commenced this abuse and neglect proceeding under Family Ct Act article 10 alleging that respondent inappropriately touched the child. Following a fact-finding hearing, Family Court dismissed the petition, finding that petitioner failed to tender sufficient proof to corroborate the child's out-of-court allegations of improper touching. The court also found that, even if petitioner did so, respondent provided a reasonable explanation for the alleged touching. These appeals by petitioner and the attorney for the child (hereinafter AFC) ensued.
Petitioner and the AFC both challenge Family Court's finding that the child's statements of improper touching were not sufficiently corroborated. "Unsworn out-of-court statements of the victim may be received and, if properly corroborated, will support a finding of abuse or neglect" (Matter of Nicole V., 71 NY2d 112, 117-118 [1987], citing Family Ct Act § 1046 [a] [vi]; see Matter of Lee-Ann W. [James U.], 151 AD3d 1288, 1290 [2017], lv denied 31 NY3d 908 [2018]). "A relatively low degree of corroborative evidence is sufficient to meet this threshold" (Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1057, [2010], lv denied 16 NY3d 702 [2011]; see Matter of Makayla I. [Caleb K.], 162 AD3d 1139, 1142 [2018]).
The record discloses that the child told a day-care director that respondent went into her bed and touched her vaginal area. The director stated that the child cried and looked frightened when making this disclosure. The child told an investigator with Child Protective Services that respondent got into her bed and inserted his fingers into her vagina and anus. A mental health counselor similarly testified that the child made the same disclosures to her. A therapist who met with the child stated that the child used sand and play therapy to describe a nightmare where a snake entered her room and got into bed with her. According to the therapist, the child indicated that the snake was "kind of like a bad guy" and that she was touched in her private parts. "[A]lthough the mere repetition of an accusation does not, by itself, provide sufficient corroboration, some degree of corroboration can be found in the consistency of the out-of-court repetitions" (Matter of Isabella I. [Ronald I.], 180 AD3d 1259, 1262 [2020] [internal quotation marks and citation omitted]; see Matter of Joshua UU. [Jessica XX.-Eugene LL.], 81 AD3d 1096, 1098 [2011]; Matter of Miranda HH. [Thomas HH.], 80 AD3d 896, 898 [2011]). As petitioner and the AFC argue, the hearing evidence demonstrates that the child provided consistent accounts of the inappropriate touching[*2](see Matter of Kristina S. [Michael S.], 160 AD3d 1057, 1058 [2018]).
Corroborative evidence also took the form of a dramatic change in the child's behavior (see Matter of Isabella I. [Ronald I.], 180 AD3d at 1262; Matter of Branden P. [Corey P.], 90 AD3d 1186, 1189 [2011]; Matter of Cecilia PP., 290 AD2d 836, 837 [2002]). The mental health counselor stated that the child curled up in a ball, changed moods and looked distressed when talking about the father. The child's teacher stated that she noted changes in the child's behavior, such as the child was unhappy, wanted to be alone, pushed other kids and was tired and emotional, and it would take time for the child to settle down. The therapist testified that the child had regressive behaviors, such as bed-wetting, nightmares and difficulty with sleeping. In addition to the foregoing, respondent testified that he touched the child's vagina in order to apply a steroid cream, which he did on a daily basis and sometimes two to three times a day when necessary. He explained that the child had eczema all over her body, including the inner thigh, vaginal area and anus.
Deference is generally given to Family Court's factual findings and credibility assessments (see Matter of Jarrett SS. [Jade TT.-Scott SS.], 183 AD3d 1031, 1033 [2020]; Matter of William KK. [Samantha LL.], 146 AD3d 1052, 1054 [2017]). We are nonetheless empowered to independently assess the competing evidence and make alternative findings as part of our factual review power (see Matter of Richard SS., 29 AD3d 1118, 1121 [2006]; Matter of Theresa CC., 178 AD2d 687, 689 [1991]). In our view, the proof of the child's consistent descriptions of the inappropriate touching to various individuals, the child's dramatic change in behavior, the reenactment of the touching through sand and play therapy and respondent's admissions satisfied the relatively low threshold of corroboration (see Matter of Jade F. [Ashley H.], 149 AD3d 1180, 1184 [2017]; Matter of Branden P. [Corey P.], 90 AD3d at 1189; Matter of Rawich v Amanda K., 90 AD3d 1085, 1087 [2011]; Matter of Telsa Z. [Rickey Z.-Denise Z.], 71 AD3d 1246, 1250 [2010]; Matter of Kole HH., 61 AD3d 1049, 1052 [2009], lv dismissed 12 NY3d 898 [2009]).
Family Court also found that, even if the child's allegations were corroborated, respondent's reason for touching her in her private areas — i.e., to treat her eczema — was "plausible and credible." This finding, however, lacks a sound and substantial basis in the record (see Matter of Chanyae S. [Rena W.], 82 AD3d 1247, 1247 [2011]). The child's babysitter testified that, when she bathed the child, she observed dry skin on the child's stomach but not on the child's private areas. The mother stated that the child had never been treated for eczema in her vaginal area. The child's dermatologist testified that he diagnosed the child with atopic dermatitis and that it was located on the child's shoulders, neck and leg. The dermatologist, however[*3], stated that he had never seen atopic dermatitis on the child's vaginal area or crotch and that prescription cortisone would not be used for the genital area. The dermatologist also stated that he had never seen an instance where someone had to apply three times a day the cream that respondent had used. Upon a review of the record, we find that the evidence does not support respondent's bald claim that his touching of the child was medically necessary.
Based on the foregoing and noting that "sexual gratification . . . can be inferred from the conduct itself" (Matter of Shannon K., 222 AD2d 905, 906 [1995]), petitioner, in our view, proved the allegations of sexual abuse by a preponderance of the evidence. We also reach the same conclusion with respect to the neglect allegations. As such, the petition should have been granted (see Matter of Clayton OO. [Nikki PP.], 101 AD3d 1411, 1411-1412 [2012]; Matter of Erin QQ., 180 AD2d 944, 945 [1992]). The matter must therefore be remitted for a dispositional hearing and, under the circumstances of this case, before a different judge.
Finally, we note that temporary orders of protection were issued in August 2019 directing respondent to stay away from the child except for when he had supervised visitation. Although Family Court issued an order vacating the August 2019 temporary orders of protection, that order was stayed by this Court (see Matter of Lily BB. [Stephen BB.], 2020 NY Slip Op 61135[U] [2020]). In view of our determination herein, the August 2019 temporary orders of protection should be reinstated and modified by deleting that part as providing respondent with supervised visitation. The August 2019 temporary orders of protection shall continue in effect, as modified, until further court order. The remaining arguments by petitioner and the AFC are academic.
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the orders are reversed, on the law, without costs, petition granted, temporary orders of protection dated August 16, 2019 reinstated, and, upon reinstatement, modified by deleting that part as provided respondent with supervised visitation, and matter remitted to the Family Court of Ulster County for a dispositional hearing before a different judge.