Matter of Isabella E. (James E.) (2021 NY Slip Op 03498)





Matter of Isabella E. (James E.)


2021 NY Slip Op 03498


Decided on June 3, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 3, 2021

530546
[*1]In the Matter of Isabella E., Alleged to be an Abused and/or Neglected Child. Chemung County Department of Social Services, Respondent; James E., Appellant.

Calendar Date:April 28, 2021

Before:Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Lisa K. Miller, McGraw, for appellant.
Chemung County Department of Social Services, Elmira (Damian M. Sonsire of counsel), for respondent.
Donna C. Chin, New York City, attorney for the child.



Reynolds Fitzgerald, J.
Appeal from an amended order of the Family Court of Chemung County (Rich Jr., J.), entered October 9, 2019, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be abused and/or neglected.
Respondent is the father of a daughter (born in 2016). In 2017, a hotline report was filed alleging that respondent sexually abused three minor children of his friends, Daniel F. and Sherry F., while he resided with the family for a period of time in 2009. After investigating the matter, petitioner commenced this proceeding pursuant to Family Ct Act article 10 alleging that, because respondent sexually abused his friends' children, he derivatively abused and neglected his own child. Following a fact-finding hearing, Family Court found that, as the evidence established the abuse by respondent of two of his friends' children, respondent derivatively abused and/or neglected his child. Respondent appeals.
Initially, respondent contends that he should not have been subject to this proceeding as he is not a "person legally responsible" for the care of his friends' children. Family Ct Act § 1012 (a) defines a respondent as a "parent or other person legally responsible for a child's care who is alleged to have abused or neglected such child." A "[p]erson legally responsible" is defined as "the child's custodian, guardian, any other person responsible for the child's care at the relevant time. Custodian may include any person continually or at regular intervals found in the same household as the child when the conduct of such person causes or contributes to the abuse or neglect of the child" (Family Ct Act § 1012 [g]). "The statute was intended to be construed broadly so as to include paramours or other nonparental persons who perform childcare duties which correspond with the traditional parent/child relationships" (Matter of Alexandria X. [Ronald X.], 80 AD3d 1096, 1097 [2011] [internal quotation marks and citations omitted]; see Matter of Yolanda D., 88 NY2d 790, 795 [1996]). "[D]eciding whether a particular person has acted as the functional equivalent of a parent is a discretionary, fact-intensive inquiry which will vary according to the particular circumstances of each case" (Matter of Trenasia J. [Frank J.], 25 NY3d 1001, 1004 [2015] [internal quotation marks and citation omitted]; see Matter of Raelene B. [Alex D.], 179 AD3d 1315, 1316 [2020]).
Daniel F. testified that respondent was a very good friend of his wife and her family and that he eventually moved into the basement of their house and resided there for two or three months. He further avowed that during this time, respondent would care for Daniel F.'s children when he and his wife went out, and that, on at least one occasion, respondent cared for the children continually over a full weekend. The children's stepgrandmother testified that she lived in the upstairs apartment, was aware that respondent had moved into [*2]the house and that he took care of the children when her daughter and husband were out. Respondent testified that he and his girlfriend resided in the basement of Daniel F.'s house for two or three weeks [FN1] and during that time he occasionally babysat his friends' children. He stated that he moved out after Daniel F. confronted and accused him of inappropriately touching the children, thus making them uncomfortable. The friends' middle child stated that respondent was a family friend who watched them while he was living at their house. Under these circumstances, a sound and substantial basis supports Family Court's determination that respondent acted as a person legally responsible for the care of his friends' children and, as such, is subject to this Family Ct Act article 10 proceeding (see Matter of Raelene B. [Alex D.], 179 AD3d at 1316-1317; Matter of Alexandria X. [Ronald X.], 80 AD3d at 1098; Matter of Nathaniel TT., 265 AD2d 611, 612 [1999], lv denied 94 NY2d 757 [1999]).
Respondent next asserts that Family Court's finding that he abused his friends' children and therefore derivatively abused and neglected his child is not supported by a sound and substantial basis in the record. To sustain a finding of abuse, the petitioner must demonstrate, by a preponderance of the evidence, that a parent or other person legally responsible committed an offense against a child as defined in Penal Law article 130 (see Family Ct Act § 1012 [e] [iii]; Matter of Makayla I. [Caleb K.], 162 AD3d 1139, 1140 [2018]). "As for neglect, a petitioner must show by a preponderance of the evidence that the child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his or her parent or other person legally responsible for his or her care to exercise a minimum degree of care" (Matter of Logan C. [John C.], 154 AD3d 1100, 1102 [2017] [internal quotation marks, brackets and citations omitted], lv denied 30 NY3d 909 [2018]). The neglect or abuse of one child may not typically serve as the sole support for the finding of derivative abuse or neglect of another child. However, "where the proof of past neglect and abuse demonstrably evidences fundamental flaws in the respondent's understanding of the duties of parenthood, proof of abuse or neglect of other children is alone sufficient to sustain a finding of abuse or neglect of another child" (Matter of Ilonni I. [Benjamin K.], 119 AD3d 997, 997 [2014] [internal quotation marks, brackets and citations omitted], lv denied 24 NY3d 914 [2015]).
Petitioner published forensic interviews of the friends' oldest and middle daughters. The middle daughter stated that respondent picked her up and started kissing her on the mouth, he asked her if she liked it and she started crying and said no, to which he responded, "we can pretend we're playing mommy and daddy." He then started rubbing her hair and her back, down to her bottom. He pulled her pants [*3]and underwear down and digitally penetrated her. Respondent stopped when he heard another child in the household yell. On another occasion, respondent told her that he needed help with something in the basement and, thereafter, respondent pulled out his penis and put it in her mouth.
The oldest daughter stated that respondent asked her if she wanted to pet the kittens in the basement; she went into the basement and he tried to take her shirt off. She said that respondent directed her to sit down and then proceeded to climb on top of her with an erection and pushed "the parts I don't have" against her. Although a child's out-of-court uncorroborated statement shall be insufficient to establish abuse (see Family Ct Act § 1046 [a] [vi]), "[a] relatively low degree of corroborative evidence is sufficient to meet this threshold" (Matter of Lily BB. [Stephen BB.], 191 AD3d 1126, 1127 [2021] [internal quotation marks and citation omitted], lv dismissed ___ NY3d ___ [May 27, 2021]; see Matter of Cory O. v Katie P., 162 AD3d 1136, 1137 [2018]). In this case, the statements of each of the friends' children were not the only evidence considered by Family Court in rendering its determination. Family Court also considered testimony of petitioner's caseworker, wherein she opined that the children's conduct was consistent with behavior typically exhibited by victims of sexual abuse, Daniel F.'s testimony that he kicked respondent out upon learning that the children reported that respondent had touched them and respondent cried, and the grandmother's testimony that the oldest child reported to her that respondent touched the oldest child close in time to when the incident occurred (see Matter of Isabella I. [Ronald I.], 180 AD3d 1259, 1262 [2020]; Matter of Makayla I. [Caleb K.], 162 AD3d at 1142; Matter of Ian H., 42 AD3d 701, 703 [2007], lv denied 9 NY3d 814 [2007]).
Respondent next contends that there was insufficient proof to establish that he sexually abused his friends' children since they stated that they were abused around 2011 or 2012 and he did not reside in the household at that time; instead, he resided in the household in 2009. Although there is a discrepancy in the dates that the children stated the abuse occurred and the dates that respondent testified that he lived in the household, the exact date that the abuse occurred is not required in order for petitioner to sustain its burden of proof. Instead, the children's ability to recall details of the incidents goes to the weight and credibility of each child's statements (see Matter of Aleria KK. [Ralph MM.], 127 AD3d 1525, 1527 [2015], lv dismissed 25 NY3d 1193 [2015]). To that end, "Family Court's findings are entitled to great deference especially where the critical evidence is testimonial, in light of the court's ability to assess the witnesses' credibility, and should generally not be disturbed absent a conclusion that they lack a sound and substantial basis in the record" (Matter of [*4]Daniel XX. [Sullivan County Dept. of Family Servs.—Daniel F.], 140 AD3d 1229, 1230 [2016] [internal quotation marks and citations omitted]; see Matter of Aleria KK. [Ralph MM.], 127 AD3d at 1527). The record amply supports that the children's statements were sufficiently corroborated, consistent and detailed as to what occurred, and were credited by Family Court (see Matter of Kylee R. [David R.], 154 AD3d 1089, 1090-1091 [2017], lv denied 30 NY3d 911 [2018]). Accordingly, we find that there is a sound and substantial basis in the record to support Family Court's conclusion that respondent sexually abused his friends' children (see Matter of Kaydence O. [Destene P.], 162 AD3d 1131, 1133-1134 [2018]; Matter of Aleria KK. [Ralph MM.], 127 AD3d at 1527).
We additionally find a sound and substantial basis in the record to support Family Court's finding of derivative abuse and neglect of his child.[FN2] The evidence establishes that the abuse of his friends' children was repeated, there were multiple victims, there were other children in the house when the abuse occurred (see Matter of Cadejah AA., 33 AD3d 1155, 1157 [2006]), he lured one of the children into the basement using kittens, and he stated to one of the victims that they could "play[] mommy and daddy" — all of which demonstrates an impaired level of parental judgment as to create a substantial risk of harm to his child (see Matter of Kylee R. [David R.], 154 AD3d at 1090-1091; Matter of Akia KK., 282 AD2d 839, 841 [2001]). Further, respondent testified that he has a lengthy history of suicide ideation, substance dependence and severe mental health issues, including diagnoses of posttraumatic stress disorder, bipolar disorder and antisocial personality disorder. He also testified that he is not taking any prescribed medication, is not engaged in counseling and is self-medicating by smoking one to two bowls of marihuana daily. Respondent's testimony, when coupled with the proof of the sexual abuse of his friends' children, supports the conclusion that he "lacks any capacity to care for and protect other children in his . . . care" (Matter of Raelene B. [Alex D.], 179 AD3d at 1318), and he evidences "fundamental flaws in his understanding of the duties of parenthood" (Matter of Paige WW. [Charles XX.], 71 AD3d 1200, 1203 [2010] [internal quotation marks and citation omitted]; see Matter of Alexander Z. [Melissa Z.], 129 AD3d 1160, 1163 [2015], lv denied 25 NY3d 914 [2015]; Matter of Michael N. [Jason M.], 79 AD3d 1165, 1168 [2010]).
Egan Jr., J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the amended order is affirmed, without costs.



Footnotes

Footnote 1: The testimony of Daniel F. and respondent differed with regard to the duration of his stay.

Footnote 2: The attorney for the child at Family Court and on appeal advocates for the Court to find that respondent derivatively abused and neglected his child.