Matter of Chloe L. (Samantha L.) (2021 NY Slip Op 06892)





Matter of Chloe L. (Samantha L.)


2021 NY Slip Op 06892


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

531266
[*1]In the Matter of Chloe L., Alleged to be an Abused and/or Neglected Child. Schoharie County Department of Social Services, Appellant; Samantha L., Respondent. Attorney for the Child, Appellant.

Calendar Date:October 21, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Colangelo, JJ.

Schoharie County Department of Social Services, Schoharie (David P. Lapinel of counsel), for Schoharie County Department of Social Services, appellant.
Veronica Reed, Schenectady, attorney for the child, appellant.
Mark J. Gaylord, Schenectady, for respondent.



Aarons, J.
Appeal from an order of the Family Court of Schoharie County (Hall, J.H.O.), entered March 12, 2020, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be abused and neglected.
Petitioner commenced this proceeding under Family Ct Act article 10 alleging that respondent abused and neglected her daughter (born in 2007). In the amended petition, petitioner alleged that, at various points in the summer of 2018, respondent viewed pornography with the child, showed the child how to use a sexual device to the point of orgasm, shaved the child's vaginal area, knew that the child's then-stepfather walked naked in the child's presence and invited the child to remain in her presence as she had sexual intercourse with the stepfather. A fact-finding hearing was held, after which Family Court, as relevant here, dismissed the amended petition. Petitioner and the attorney for the child appeal.
To establish sexual abuse in this proceeding, petitioner had to show that "respondent committed or allowed another to commit acts constituting crimes under Penal Law article 130" (Matter of Makayla I. [Caleb K.], 162 AD3d 1139, 1140 [2018]; see Matter of Kaydence O. [Destene P.], 162 AD3d 1131, 1132 [2018]). The abuse claim centered on the allegation that respondent shaved the child's pubic area. That said, Family Court found that it was more likely than not that respondent did in fact shave the child's pubic area. Nevertheless, the record supports the court's finding that respondent did not do so for the purpose of sexual gratification. Indeed, an investigator with petitioner who interviewed the child testified at the hearing that it was not clear in this case that respondent shaved the child's pubic area for the purpose of sexual gratification. Accordingly, the court correctly dismissed the amended petition insofar as it alleged that respondent abused the child (compare Matter of Olivia YY., 209 AD2d 892, 892 [1994]).
As to the remaining allegations of neglect, petitioner bore the burden of proving them by a preponderance of the evidence (see Matter of Kai G. [Amanda G.], 197 AD3d 817, 820 [2021]; Matter of Avery KK. [Nicholas KK.], 144 AD3d 1429, 1430 [2016]). Although deference is ordinarily given to Family Court's findings and credibility determinations, "[w]e are . . . empowered to independently assess the competing evidence and make alternative findings as part of our factual review" (Matter of Lily BB. [Stephen BB.], 191 AD3d 1126, 1128 [2021] [citations omitted], lv dismissed 37 NY3d 927 [2021]). Family Court credited the child's testimony about the acts alleged in the amended petition and found respondent's denials not to be credible. The court nevertheless dismissed the neglect allegations and, in our view, this was erroneous.
As to the claim that respondent showed the child how to use a sexual device, Family Court concluded that such act was done [*2]for the purpose of intimacy education. According to the child's testimony, however, respondent told her to go into respondent's room, respondent was naked and respondent showed her how to use a sexual device. While doing so, respondent made weird noises. Meanwhile, respondent did not try to justify this alleged incident and instead categorically denied that such incident occurred. The investigator also stated that the acts alleged in the amended petition were not acceptable forms of sexual education. Taking into account that "[a]dults engaging in sexual activity in a child's presence, including masturbating in front of a child, can be adequate grounds for a finding of neglect" (Matter of Raelene B. [Alex D.], 179 AD3d 1315, 1317 [2020]), the court's determination with respect to this allegation did not stem from a sound and substantial basis in the record.
Regarding the allegation that respondent told the child to remain while she had sexual intercourse with the stepfather, Family Court found that, "[a]t best . . . it's possible that the child happened to . . . open the doorway when [respondent] and the stepfather were engaged in intimate activity." The child, however, stated that the bedroom door was closed when she knocked on it so that she could show respondent a picture that she had drawn. The child saw that respondent and the stepfather were both naked and having sexual intercourse over the bed covers, that they were making moaning sounds and that respondent "told [her] to stay there." According to the child, neither respondent nor the stepfather attempted to cover themselves in front of her, and she felt "[v]ery uncomfortable" when she was told to remain there. Once again, respondent merely denied that this incident occurred and did not explain that it was an accidental situation. Accordingly, the court's finding lacked a sound and substantial basis in the record.
As to the allegation that respondent showed the child pornographic videos, the child stated that the videos depicted people "having sex and stuff" with their "intimate parts" exposed. The child also stated that she felt uncomfortable when respondent showed her these videos. Although Family Court found that "[t]he evidence regarding the viewing of the pornography was . . . sincere" and that "the credible evidence [was] persuasive that the child may have been present during two separate viewings . . . of pornography," it still dismissed this allegation due to a discrepancy in the evidence as to when the viewings occurred. It is true that the child offered equivocal testimony regarding the specific months or dates, but she nonetheless stated that it occurred in the summer of 2018. Moreover, the failure to provide the specific date did not wholly undermine the court's finding that respondent showed the child pornographic videos (see Matter of Isabella I. [Ronald I.], 180 AD3d 1259, 1262 [2020]). As such, the court erred in dismissing this part of the amended petition[*3].
Finally, although the record supports Family Court's finding that there was no credible evidence demonstrating that respondent knew that the stepfather walked naked around the house in the child's presence, petitioner proved the other allegations of neglect by a preponderance of the evidence (see Matter of Boryana D. [Victoria D.], 157 AD3d 1011, 1012-1013 [2018]; Matter of Dylan R. [Jeremy T.], 137 AD3d 1492, 1494 [2016], lv denied 27 NY3d 912 [2016]; Matter of Heather WW., 300 AD2d 940, 940-941 [2002]). Petitioner offered testimony from the child's grandmother about the changes in the child's behavior and from a social worker who opined that the child made statements consistent with that of child sexual abuse behavior and child sexual abuse accommodation syndrome. The child's statements were sufficiently corroborated based upon the testimonies of the social worker, the investigator and the grandmother, as well as the video depicting the interview between the investigator and the child (see Matter of Isabella I. [Ronald I.], 180 AD3d at 1261-1262; Matter of Tanya T., 252 AD2d 677, 678-679 [1998], lv denied 92 NY2d 812 [1998]). In view of the foregoing, the court should have granted the amended petition to the extent that it alleged that respondent neglected the child, and the matter must be remitted for a dispositional hearing.
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the amended petition alleging neglect by respondent; amended petition granted to said extent and matter remitted to the Family Court of Schoharie County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.