Matter of Olivia RR. (Paul RR.) (2022 NY Slip Op 04332)

Matter of Olivia RR. (Paul RR.)

2022 NY Slip Op 04332

Decided on July 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 7, 2022

530989
[*1]In the Matter of Olivia RR., Alleged to be an Abused Child. Warren County Department of Social Services, Respondent; Paul RR., Appellant.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Warren County Department of Social Services, Lake George (Sommer-Lynn Cross of counsel), for respondent.
Karen R. Crandall, Schenectady, attorney for the child.

Clark, J.
Appeal from an order of the Family Court of Warren County (Wilson, J.), entered January 8, 2020, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be abused.
Respondent is the father of the subject child (born in 2013). In 2018, following an investigation into a report made to the Statewide Central Register of Child Abuse and Maltreatment, petitioner commenced this Family Ct Act article 10 proceeding alleging that respondent abused the child by perpetrating acts of sexual misconduct against her. After a fact-finding hearing, Family Court found that respondent had committed sexual abuse in the first degree against the child and adjudicated the child to have been abused by respondent (see Family Ct Act § 1012 [e] [iii] [A]; Penal Law § 130.65). Respondent appeals.
Respondent argues that the evidence presented at the fact-finding hearing was legally insufficient to support Family Court's finding of abuse. As relevant here, to support a finding of sexual abuse in a Family Ct Act article 10 proceeding, the petitioner must prove by a preponderance of the evidence that a parent committed, against his or her child, an act constituting a sexual crime under Penal Law article 130 (see Family Ct Act § 1012 [e] [iii] [A]; Matter of Isabella E. [James E.], 195 AD3d 1096, 1098 [2021]; Matter of Kaydence O. [Destene P.], 162 AD3d 1131, 1132 [2018]). To meet this burden, petitioner offered testimony from one of its caseworkers, who stated that she observed two forensic interviews between the child and State Police investigators. As reflected in the caseworker's testimony, as well as her notes from the first interview, which were admitted into evidence, the child reported that respondent tickled her breasts and vagina on multiple occasions both under and over her clothing and that the tickling made her feel bad. The caseworker testified that the child was asked the same general questions during the second interview and that the child "again disclosed sex[ual] abuse by [respondent]."
The child's out-of-court statements were admissible in evidence but, to serve as the basis for a finding of abuse, required corroboration by "[a]ny other evidence tending to support the reliability of the [child's] previous statements" (Family Ct Act § 1046 [a] [vi]; see Matter of Kylee R. [David R.], 154 AD3d 1089, 1089-1090 [2017], lv denied 30 NY3d 911 [2018]). "A relatively low degree of corroborative evidence is sufficient to meet this threshold" (Matter of Justin CC. [Tina CC.], 77 AD3d 1056, 1057 [2010] [citations omitted], lv denied 16 NY3d 702 [2011]; see Matter of Josiah P. [Peggy P.], 197 AD3d 1365, 1367 [2021]; Matter of Lily BB. [Stephen BB.], 191 AD3d 1126, 1127 [2021], lv dismissed 37 NY3d 927 [2021]). To that end, a State Police investigator testified that he interviewed respondent as part of the investigation and that, during the course of that interview, respondent "admitted [*2]to a couple [of] things . . . that were concerning," including that he had previously had sexual thoughts about the child "touching his penis and him touching her sexually." The investigator additionally testified that respondent admitted that he had become erect while the child sat and wiggled on his lap and that he would leave her on his lap for a few seconds when that occurred. Respondent testified at the fact-finding hearing and maintained that any touching of the child's private parts was accidental or incidental to playing with the child. However, respondent admitted during his testimony that he did get an erection once or twice when the child was climbing on his lap, although he insisted that his arousal was not intentional.
Cognizant that "the reliability of the corroboration, as well as issues of credibility, are matters entrusted to the sound discretion of Family Court" (Matter of Justin CC. [Tina CC.], 77 AD3d at 1057), we discern no abuse of discretion in Family Court's finding that the child's out-of-court statements were corroborated by respondent's admissions, both to the investigator and during his testimony, as well as the child's consistent repetition of such allegations (see Matter of Isabella I. [Ronald I.], 180 AD3d 1259, 1262 [2020]; Matter of Dylan R. [Jeremy T.], 137 AD3d 1492, 1494 [2016], lv denied 27 NY3d 912 [2016]; Matter of Brooke KK. [Paul KK.], 69 AD3d 1059, 1061 [2010]). Deferring to Family Court's credibility determinations, and considering that sexual gratification may be inferred from respondent's conduct, we agree with Family Court that petitioner proved the allegations of sexual abuse against respondent by a preponderance of the evidence (see Family Ct Act § 1012 [e] [iii] [A]; Penal Law § 130.65 [3]; Matter of Lily BB. [Stephen BB.], 191 AD3d at 1128; Matter of M.W. [Mohammad W.], 172 AD3d 879, 880-881 [2019]; Matter of Brooke KK. [Paul KK.], 69 AD3d at 1061).
Respondent further takes issue with the representation afforded to the child, arguing that the attorney for the child improperly substituted her judgment for that of the child. However, respondent failed to preserve his challenge by making an application in Family Court for removal of the attorney for the child (see Matter of Susan II. v Laura JJ., 176 AD3d 1325, 1329 [2019], lv denied 34 NY3d 909 [2020]; Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1297 [2017]; Matter of Elniski v Junker, 142 AD3d 1392, 1393 [2016]). In any event, even if respondent's contention was properly preserved, we would find it to be without merit (see generally Matter of Alyson J. [Laurie J.], 88 AD3d 1201, 1203 [2011], lv denied 18 NY3d 803 [2012]). In light of all of the foregoing, there is no basis upon which to disturb Family Court's determination.
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.