Matter of Kaleb LL. (Bradley MM.) (2023 NY Slip Op 03729)

Matter of Kaleb LL. (Bradley MM.)

2023 NY Slip Op 03729

Decided on July 6, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 6, 2023

533885 534195 
[*1]In the Matter of Kaleb LL. and Another, Alleged to be Abused and/or Neglected Children. Tioga County Department of Social Serivces, Respondent; Bradley MM., Appellant. (Proceeding No. 1.)
In the Matter of Kaleb LL. and Another, Alleged to be Neglected Children. Tioga County Department of Social Services, Respondent; Valerie LL., Appellant. (Proceeding No. 2.)

Calendar Date:June 7, 2023

Before:Lynch, J.P., Clark, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Garufi Law PC, Binghamton (Debra J. Cohn of counsel), for Bradley MM., appellant.
Law Offices of Michael J. Sullivan, Vestal (Michael J. Sullivan of counsel), for Valerie LL., appellant.
Peter DeWind, County Attorney, Owego (John H. Van Wert of counsel), for respondent.
Donna C. Chin, Niverville, attorney for the child.
Andrea J. Mooney, Ithaca, attorney for the child.

Reynolds Fitzgerald, J.
Appeals from two orders of the Family Court of Tioga County (Gerald A. Keene, J.), entered July 2, 2021, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected.
Respondent Valerie LL. (hereinafter the mother) is the mother of a son (born in 2008) and a daughter (born in 2016). In 2018, the mother and the children began residing with her boyfriend, respondent Bradley MM. (hereinafter the boyfriend). Beginning in June 2019, the daughter disclosed to various persons that the boyfriend "hurt her" while pointing to her vaginal area. In July 2019, following an incident wherein the daughter expressed pain when the grandfather's girlfriend attempted to bathe her, the grandfather brought her to the emergency room of a local hospital. After her initial examination by a physician raised concerns of possible abuse, the daughter was examined by a pediatric sexual assault nurse examiner (SANE) and vaginal and anal swabs were obtained. Thereafter, the hospital reported sexual abuse and an investigation ensued. As a result, Child Protective Services implemented a safety plan wherein the children were not to have contact with the boyfriend pending the completion of the investigation.
In November 2019, petitioner commenced these Family Ct Act article 10 proceedings alleging that the boyfriend abused the daughter and derivatively neglected the son, and that the mother neglected her children. Following a fact-finding hearing, Family Court determined, among other things, that the daughter's out-of-court statements regarding the alleged sexual abuse were sufficiently corroborated and found that the boyfriend abused the daughter pursuant to Penal Law § 130.65 and derivatively neglected the son, and that the mother neglected both children. After a dispositional hearing, Family Court issued an order of protection barring the boyfriend from having contact with the children and requiring the boyfriend's participation in sex offender treatment. The boyfriend and the mother appeal.[FN1]
The boyfriend and the mother contend that the evidence presented at the fact-finding hearing is legally insufficient to support Family Court's findings of abuse, derivative neglect and neglect, arguing that the daughter's out-of-court statements were not sufficiently corroborated. We disagree. "To establish sexual abuse in a Family Ct Act article 10 proceeding, the petitioner is required to prove by a preponderance of the evidence that the respondent committed or allowed another to commit acts constituting crimes under Penal Law article 130" (Matter of Makayla I. [Caleb K.], 162 AD3d 1139, 1140 [3d Dept 2018] [citation omitted]; see Family Ct Act §§ 1012 [e] [iii] [A]; 1046 [b] [i]). "A child's prior out-of-court allegations of abuse or neglect are admissible in evidence if such statements are sufficiently corroborated by other evidence tending to establish their reliability" (Matter [*2]of Kylee R. [David R.], 154 AD3d 1089, 1089-1090 [3d Dept 2017] [citations omitted], lv denied 30 NY3d 911 [2018]; see Family Ct Act § 1046 [a] [vi]; Matter of Olivia RR. [Paul RR.], 207 AD3d 822, 823 [3d Dept 2022]). "The corroboration requirement is not demanding and may be satisfied by any other evidence tending to support the reliability of the child's previous statements, including medical indications of abuse, expert validation testimony, cross-corroboration by another child's similar statements, marked changes in a child's behavior, and sexual behavior or knowledge beyond a child's years" (Matter of Isabella I. [Ronald I.], 180 AD3d 1259, 1261 [3d Dept 2020] [internal quotation marks, brackets, ellipsis and citations omitted] [emphasis added]; see Matter of Josiah P. [Peggy P.], 197 AD3d 1365, 1367 [3d Dept 2021]; Matter of Lawson O. [Andrew O.], 176 AD3d 1320, 1321 [3d Dept 2019], lv denied 35 NY3d 902 [2020]). "Additionally, where a finding of abuse demonstrates a respondent's impaired level of parental judgment that puts any child in that person's care at risk, a derivative finding is appropriate" (Matter of Cailynn O. [Vincenzo Q.], 192 AD3d 1408, 1409 [3d Dept 2021] [internal quotation marks and citations omitted]). "We accord great deference to Family Court's findings and credibility determinations and we will not disturb them, unless they are unsupported by a sound and substantial basis in the record" (Matter of Annaleigh X. [Ashley Y.], 205 AD3d 1109, 1111 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Y. SS. [E. SS.], 211 AD3d 1390, 1392 [3d Dept 2022]).
At the fact-finding hearing, the paternal grandfather, his girlfriend, and the girlfriend's neighbor testified that the child told them that the boyfriend hurt her and pointed to her genital area. Additionally, the emergency department physician and the SANE testified that the daughter's injuries were consistent with sexual abuse. The SANE further testified that she observed an abrasion at the posterior fourchette and a two-centimeter tear in the daughter's interior labia minora area, and that said injuries were indicative of sexual abuse and not consistent with a fall, wiping or diaper rash. The SANE further testified that the redness appeared to be an abrasion and that this, along with the tear, most likely occurred 24 to 48 hours prior to the examination. DNA evidence extracted from an anal swab demonstrated the presence of male DNA, but was inconclusive for purposes of comparison to the boyfriend's DNA.
The boyfriend denied abusing the daughter, and further asserted that he took precautions to never be alone with her. He specifically testified that he was not alone with the daughter during the 24 to 48 hour period during which she suffered the abrasion and tear. He speculated that the grandfather was jealous of his business success and thus had a motive to cast aspersions against him. As to the daughter's out-of-court statements, he claimed that [*3]she commonly exaggerates. The boyfriend's mother testified that, as a rule, the boyfriend was not alone with the child. The mother testified that she "never" left her daughter alone with the boyfriend, unless she ran an errand to the store. Family Court found petitioner's witnesses credible, particularly the grandfather, and found the boyfriend's explanation concerning the allegations of sexual abuse incredible. The corroboration threshold was satisfied by the emergency room doctor's and the SANE's medical findings and expert opinions and the testimony of the various witnesses as to the daughter's consistent statements that the boyfriend hurt her (see Matter of Lily BB. [Stephen BB.], 191 AD3d 1126, 1127 [3d Dept 2021], lv dismissed 37 NY3d 927 [2021]; Matter of Isabella I. [Ronald I.], 180 AD3d at 1262). Deferring to Family Court's factual and credibility determinations, we find a sound and substantial basis in the record supporting Family Court's finding of sexual abuse against the boyfriend (see Matter of Cailynn O. [Vincenzo Q.], 192 AD3d at 1412; Matter of Makayla I. [Caleb K.], 162 AD3d at 1142; Matter of Kristina S. [Michael S.], 160 AD3d 1057, 1058 [3d Dept 2018]; Matter of Penny Y. [Roxanne Z.], 129 AD3d 1117, 1118 [3d Dept 2015]).
Additionally, there is a sound and substantial basis in the record to conclude that the boyfriend's sexual abuse of the daughter, who was less than three years old at the time and entrusted to his care as a parental figure, demonstrates the requisite fundamental defect in the understanding of his duties, supporting Family Court's determination that the boyfriend derivatively neglected the son (see Matter of Raelene B. [Alex D.], 179 AD3d 1315, 1318 [3d Dept 2020]; Matter of Kaydence O. [Destene P.], 162 AD3d 1131, 1135-1136 [3d Dept 2018]; Matter of Daniel XX. [Daniel F.],140 AD3d 1229, 1231 [3d Dept 2016]).
Turning to Family Court's finding of neglect by the mother, "to establish neglect, a petitioner must demonstrate, by a preponderance of the evidence, that the children's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired due to the failure of the parent . . . to exercise a minimum degree of care" (Matter of Cailynn O. [Vincenzo Q.], 192 AD3d at 1409-1410 [internal quotation marks, brackets and citations omitted]; see Matter of Jubilee S. [James S.], 149 AD3d 965, 966-967 [2d Dept 2017]). There is no evidence before us demonstrating that the mother knew or was informed that her child was sexually abused prior to the date the daughter was examined at the hospital. That said, the evidence shows that since being informed of it, and in fact confronted with medical evidence of same, she has refused to believe that her daughter was sexually abused. Moreover, after learning of the allegations of sexual abuse directed against her boyfriend, the mother has consistently behaved in a manner supporting him as opposed to her daughter. The record does confirm that [*4]initially after learning of the allegations, and at the behest of petitioner, the mother removed herself and her children from the boyfriend's home. However, upon learning that the DNA results were inconclusive, she and the children returned to the boyfriend's residence, thus prompting petitioner to obtain an order of protection to remove the children from the residence. During the pendency of the proceedings, the mother not only continued her relationship with the boyfriend, but became engaged to him, and sought to allow him to spend time with the children. Thus, although the record evinces that the mother cooperated with petitioner, allowed the daughter to be interviewed and followed the order of protection, she has steadfastly denied the possibility of sexual abuse and has minimized the evidence presented to her, including referring to the daughter's injuries as miniscule. Additionally, the mother has continually refused services, including counseling, for the daughter. As the mother has failed to meaningfully and appropriately respond upon learning of her daughter's sexual abuse, she has thereby failed to exercise a minimum degree of care in order to avoid physical, mental and emotional impairment to the daughter and potential impairment to the son. Accordingly, we find that there is a sound and substantial basis in the record to support Family Court's finding of neglect of both children (see Matter of Cheyenne Q. [Charles Q.], 196 AD3d 747, 749 [3d Dept 2021], lv denied 37 NY3d 915 [2021]; Matter of Derrick GG. [Jennifer GG.], 177 AD3d 1124, 1126 [3d Dept 2019], lv denied 35 NY3d 902 [2020]; Matter of Telsa Z. [Denise Z.], 81 AD3d 1130, 1134 [3d Dept 2011]).
Lynch, J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: While neither attorney for the child appealed the orders, and although not determinative, we note that the attorney for the child representing the son advocates to reverse the findings of neglect and derivative neglect. The attorney for the child on behalf of the daughter advocates to affirm Family Court's findings of abuse, derivative neglect and neglect, and strongly reiterated this position at oral argument before this Court.