Matter of Gabriella X. (Erick Y.) (2024 NY Slip Op 05856)

Matter of Gabriella X. (Erick Y.)

2024 NY Slip Op 05856

Decided on November 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 21, 2024

CV-23-1292
[*1]In the Matter of Gabriella X. and Others, Alleged to be Abused and Neglected Children. Ulster County Department of Social Services, Respondent; Erick Y., Appellant.

Calendar Date:October 16, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for appellant.
Ulster County Department of Social Services, Kingston (Gerard Van Loan of counsel), for respondent.
Betty J. Potenza, Milton, attorney for the children.
Kenneth M. Tuccillo, Hastings on Hudson, for Margaret Z.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Ulster County (Sarah Rakov, J.), entered June 13, 2023, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected and/or abused.
Respondent Erick Y. (hereinafter the father) is the father of three children (born in 2004, 2007 and 2016). In July 2021, petitioner commenced this abuse/neglect proceeding against the father, alleging that he subjected the oldest child to sexual contact nine years earlier — between the years 2007 through 2014 — when the child was two to eight years of age; and that the father had sexual contact with the middle child.[FN1] At a fact-finding hearing, at the close of petitioner's case-in-chief, the father moved to dismiss the petition for failure to establish a prima facie case, arguing that the oldest child's out-of-court statements were insufficiently corroborated. Family Court denied the father's motion and, following the hearing, issued an order concluding that the father had sexually abused and neglected the oldest child and had derivatively abused and neglected the two younger children. The father appeals.
The father contends that Family Court erred in denying his motion to dismiss the petition at the conclusion of petitioner's case-in-chief because there was insufficient evidence to corroborate the oldest child's out-of-court statements. "Where a motion is made by the respondent at the close of the petitioner's case to dismiss a neglect petition, Family Court must determine whether the petitioner presented a prima facie case of neglect, viewing the evidence in a light most favorable to the petitioner and affording it the benefit of every inference which could be reasonably drawn from the proof presented" (Matter of Christian Q., 32 AD3d 669, 670 [3d Dept 2006] [internal citations omitted]; see Matter of Carmellah Z. [Casey V.], 177 AD3d 1364, 1365-1366 [4th Dept 2019]). "To establish sexual abuse in a Family Ct Act article 10 proceeding, the petitioner is required to prove by a preponderance of the evidence that the respondent committed or allowed another to commit acts constituting crimes under Penal Law article 130" (Matter of Kaleb LL. [Bradley MM.], 218 AD3d 846, 848 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Chloe L. [Samantha L.] 200 AD3d 1234, 1235 [3d Dept 2021]). "A child's prior out-of-court allegations of abuse or neglect are admissible in evidence if such statements are sufficiently corroborated by other evidence tending to establish their reliability" (Matter of Charles Q. [Pamela Q.], 182 AD3d 639, 640 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Lee-Ann W. [James U.], 151 AD3d 1288, 1290 [3d Dept 2017], lv denied 31 NY3d 908 [2018]). "The corroboration requirement is not demanding and may be satisfied by any other evidence tending to support the reliability of the child's previous statements, including medical [*2]indications of abuse, expert validation testimony, cross-corroboration by another child's similar statements, marked changes in a child's behavior, and sexual behavior or knowledge beyond a child's years" (Matter of Kaleb LL. [Bradley MM.], 218 AD3d at 848 [internal quotation marks, emphasis and citations omitted]; see Matter of Lee-Ann W. [James U.], 151 AD3d at 1292).
At the hearing, petitioner offered the testimony of the children's mother, two caseworkers,[FN2] and the video recording of the oldest child's interview with the Orange County Department of Social Services caseworker and a State Police investigator. The mother testified that when the oldest child was 17 years of age, she first disclosed the allegations of sexual contact to her. Thereafter, each caseworker testified that the oldest child told them that her father had sexual contact with her from approximately two years of age until she was eight. The caseworkers further testified that the oldest child explained that her memory of the abuse was triggered when she overheard her youngest sister make reference to a secret that she held with her father. The record also reveals that there was no additional evidence of any kind presented by petitioner that corroborated the oldest child's out-of-court statements. For example, there was no medical evidence of any sort, nor did the mother or anyone else point to any change in the oldest child's behavior, or indications of inappropriate sexual knowledge or behavior, nor was there any expert testimony to validate the oldest child's account of sexual abuse, or to explain the nine-year gap between the cessation of the sexual contact and the allegations of same. While there was some testimony by the mother that the child has had nightmares since she was very young and has been diagnosed with anxiety, there was no testimony, expert or otherwise, linking the nightmares or diagnosis to the alleged sexual contact. While Family Court correctly noted that a child's out-of-court allegations of sexual abuse — as testified to by the caseworkers — can be sufficiently corroborated by the child's detailed in-court testimony (see Matter of Kaydence O. [Destene P.], 162 AD3d 1131, 1133 [3d Dept 2018]), petitioner did not present the oldest child as a sworn witness.[FN3] Finally, there was no cross-corroboration of the oldest child's statements by her siblings as the two younger children did not disclose any sexual abuse to their mother or during the initial interview. The younger two children did not give sworn testimony at the fact-finding hearing nor were the video recordings of their interviews with the caseworker admitted into evidence.
As petitioner tendered insufficient proof to corroborate the oldest child's out-of-court statements (see Matter of Katrina CC. [Andrew CC.], 118 AD3d at 1066; Matter of Kayla F., 39 AD3d 983, 985 [3d Dept 2007]; Matter of Sasha R., 24 AD3d 902, 903 [3d Dept 2005]; Matter of Douglas NN., 277 AD2d 749, 750 [3d Dept 2000]), Family Court [*3]erred in denying the father's motion to dismiss the petition. Accordingly, Family Court's adjudication that the oldest child was abused and neglected and that the younger children were derivatively abused and neglected must be reversed (see Matter of Katrina CC. [Andrew CC.], 118 AD3d at 1066). The father's remaining contentions have been rendered academic.
Aarons, J.P., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and petition dismissed.

Footnotes

Footnote 1: The record reveals that there was limited testimony by the caseworker as to the middle child's out-of-court statement regarding the father's alleged sexual contact. This allegation was unaddressed by Family Court.

Footnote 2: This matter was initially investigated by the Orange County Department of Social Services and was subsequently transferred to the Ulster County Department of Social Services. Both an Orange County caseworker and an Ulster County caseworker testified.

Footnote 3: The oldest child subsequently testified; however, it was after petitioner had rested and the father moved to dismiss the petition. Therefore, the oldest child's testimony is not relevant to our review (compare Matter of Alivia F. [John F.], 194 AD3d 709, 711 [2d Dept 2021]).