Matter of A.T. (T.T.) (2025 NY Slip Op 04054)

Matter of A.T. (T.T.)

2025 NY Slip Op 04054

Decided on July 3, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 3, 2025

CV-23-0505
[*1]In the Matter of A.T. and Others, Alleged to be Neglected, Abused, Severely Abused and Repeatedly Abused Children. Montgomery County Department of Social Services, Respondent; T.T. et al., Appellants, et al., Respondent.

Calendar Date:May 27, 2025

Before:Egan Jr., J.P., Aarons, Pritzker, Ceresia and Mackey, JJ.

Sandra M. Colatosti, Albany, for T.T., appellant.
Veronica Reed, Schenectady, for D.T., appellant.
Meghan M. Manion, County Attorney, Fonda (Willard Sawma of counsel) and Montgomery County Department of Social Services, Fonda (Michele Sleight of counsel), for Montgomery County Department of Social Services, respondent.
Vicki J. Prager, Northville, attorney for the children.

Pritzker, J.
Appeals (1) from an order of the Family Court of Montgomery County (Michael Dayian, J.), entered February 23, 2023, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected, abused, severely abused and repeatedly abused children, and (2) from an order of protection issued thereon.
In October 2020, petitioner commenced a neglect proceeding against respondents T.T. and D.T. (hereinafter collectively referred to as respondents) — the parents of the subject children — on the basis of, among other things, unsanitary and unsafe living conditions, lack of hygiene and failing to provide medical care. The subject children A.T. (born in 2003), C.T. (born in 2004), D.T. (born in 2008), H.T. (born in 2009), M.T. (born in 2012) and B.T. (born in 2014) were removed on consent and were issued a temporary order of protection. In November 2020, petitioner filed a superseding neglect, abuse, severe abuse and repeated abuse petition against the parents, which incorporated the allegations of neglect as set forth in the October 2020 neglect petition and included additional allegations premised on disclosures of abuse that occurred after the children were removed from the parents' home. The superseding petition was also filed against the children's grandfather based upon allegations of abuse. Thereafter, in April 2021, petitioner moved by order to show cause to terminate reasonable efforts to return the children to the parents because they were subjected to aggravated circumstances pursuant to Family Ct Act § 1039-b. In October 2021, the grandfather consented to a finding of abuse without admission and to the issuance of a stay-away order of protection in favor of the children until the youngest child turns 18.
Family Court held a fact-finding hearing regarding the parents over 16 days between January and May 2022. Thereafter, in a December 2022 decision, the court found that petitioner had sustained the allegations in the petition by clear and convincing evidence and adjudicated M.T. and B.T. to be severely and repeatedly abused and all of the children to be neglected, abused and derivatively severely and repeatedly abused by the parents. Additionally, Family Court found, by clear and convincing evidence, that aggravating circumstances pursuant to Family Ct Act § 1012 (j) existed. Then, in February 2023, Family Court entered a dispositional order which, among other things, granted petitioner's motion to terminate reasonable efforts based upon aggravated circumstances, placed the children with petitioner and directed the filing of termination of parental rights petitions against the parents. Finally, in March 2023, Family Court issued an order of protection for the four youngest children until their 18th birthdays.[FN1] Respondents appeal.
Respondents contend that the children's out-of-court statements were not sufficiently corroborated to establish the reliability [*2]of the hearsay statements and thus, the abuse determinations as to all six children and the severe abuse and repeated abuse determinations as to B.T. and M.T. were not supported by a sound and substantial basis.[FN2] As relevant here, "[i]n any hearing under [Family Ct Act article 10] . . . previous statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence, but if uncorroborated, such statements shall not be sufficient to make a fact-finding of abuse or neglect. Any other evidence tending to support the reliability of the previous statements, including, but not limited to the types of evidence defined in this subdivision shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]). "The corroboration requirement is not demanding and may be satisfied by any other evidence tending to support the reliability of the child's previous statements, including medical indications of abuse, expert validation testimony, cross-corroboration by another child's similar statements, marked changes in a child's behavior, and sexual behavior or knowledge beyond a child's years" (Matter of Isabella I. [Ronald I.], 180 AD3d 1259, 1261 [3d Dept 2020] [internal quotation marks, brackets, ellipsis and citations omitted]; see Matter of Kaleb LL. [Bradley MM.], 218 AD3d 846, 848 [3d Dept 2023]).
Upon a thorough review of the voluminous testimony and exhibits contained in the record on appeal, we agree with Family Court's determination that hearsay statements of all six children establishing abuse and the hearsay statements of B.T. and M.T. establishing severe abuse and repeated abuse were cross-corroborated by hearsay statements of other siblings as these statements "independently and consistently describe[d] similar incidents of abuse" (Matter of Alexander S. [Gabriel H.], 224 AD3d 907, 909 [2d Dept 2024]; see Matter of Gabriella X. [Erick Y.], 232 AD3d 1083, 1085 [3d Dept 2024]). Moreover, "[a]lthough the mere repetition of an accusation does not, by itself, provide sufficient corroboration, some degree of corroboration can be found [where, as here,] the out-of-court repetitions" are consistent (Matter of Lily BB. [Stephen BB.], 191 AD3d 1126, 1127 [3d Dept 2021] [internal quotation marks and citations omitted], lv dismissed 37 NY3d 927 [2021]; see Matter of Richard SS., 29 AD3d 1118, 1121-1122 [3d Dept 2006]). Additionally, B.T.'s and M.T.'s statements regarding sexual abuse were corroborated by testimony of B.T. and M.T.'s foster parents that the children acted in a sexual manner as well as testimony that some of the children made sexual references that were not age appropriate (see Matter of Jada W. [Fanatay W.], 219 AD3d 732, 740 [2d Dept 2023]; Matter of Lawson O. [Andrew O.], 176 AD3d 1320, 1322 [3d Dept 2019], lv denied 35 NY3d 902 [2020]; Matter of Briana A., 50 AD3d 1560, 1560 [4th Dept 2008]; see also Matter of Joshua QQ., 290 AD2d 842, 843 [3d Dept 2002]). As such, deferring to Family Court's factual findings [*3]and credibility determinations as we must, on the record before us, the children's out-of-court statements were sufficiently corroborated, "and a sound and substantial basis exists in the record to support" the court's finding that the evidence established, by clear and convincing evidence, that all six children were abused and that B.T. and M.T. were severely and repeatedly abused by respondents (Matter of Charles Q. [Pamela Q.], 182 AD3d 639, 641 [3d Dept 2020]; see Matter of Lawson O. [Andrew O.], 176 AD3d at 1323). Given the foregoing, we find no merit to T.T.'s related argument that, because the underlying findings of severe and repeated abuse lack a sound and substantial basis in the record, Family Court's findings of derivative severe and repeated abuse as to all six children should not be sustained.[FN3]
We also reject T.T.'s assertion that Family Court erred in granting petitioner's Family Ct Act § 1039-b motion seeking to be relieved of the obligation to exercise reasonable efforts to reunite the children with the parents. "[R]easonable efforts to make it possible for the child to return safely to his or her home shall not be required where the court determines that . . . the parent of such child has subjected the child to aggravated circumstances, as defined in [Family Ct Act § 1012 (j)] . . . [, ]unless the court determines that providing reasonable efforts would be in the best interests of the child, not contrary to the health and safety of the child, and would likely result in the reunification of the parent and the child in the foreseeable future" (Family Ct Act § 1039-b [b] [1]). " 'Aggravated circumstances' means where a child has been either severely or repeatedly abused" (Family Ct Act § 1012 [j]). As aptly determined by the court, because petitioner met its initial burden of establishing that respondents subjected the children to aggravated circumstances, the burden shifted to respondents "to show that providing reasonable efforts to reunite [them with the children] would be in the child[ren's] best interests, not contrary to the child[ren's] health and safety, and likely to result in reunification of [the parents and the children] in the foreseeable future" (Matter of Alexandryia M.B. [Heather C.], 130 AD3d 1022, 1022 [2d Dept 2015]; see Matter of Dakota Y. [Robert Y.], 97 AD3d 858, 860 [3d Dept 2012], lv denied 20 NY3d 852 [2012]). Neither respondent submitted any evidence or arguments to attempt to meet this shifted burden. As such, Family Court did not err by relieving petitioner of its obligation to exercise reasonable efforts (see Matter of Shagun R. [Rajesh R.], 235 AD3d 766, 767-768 [2d Dept 2025]; Matter of Ronan L. [Jeana K.], 195 AD3d 1072, 1075-1076 [3d Dept 2021]).
Finally, T.T. contends that Family Court's disposition directing petitioner to initiate a proceeding to terminate her parental rights lacks a sound and substantial basis in the record, arguing that there was not severe and repeated abuse, and therefore, [*4]a proceeding to terminate her parental rights is not in the children's best interests. "In addition to or in lieu of an order of placement . . . , the court may make an order directing a social services official or other duly authorized agency to institute a proceeding to legally free the child for adoption, if the court finds reasonable cause to believe that grounds therefor exist" (Family Ct Act § 1055 [d]). Here, because the severe abuse adjudication is supported by a sound and substantial basis in the record, Family Court did not err by ordering petitioner to initiate a proceeding to terminate parental rights (see Matter of Marino S., 100 NY2d 361, 370 [2003], cert denied 540 US 1059 [2003]; Matter of Riley C.P. [Tyrone P.], 157 AD3d 957, 959 [2d Dept 2018]). We have examined respondents' remaining contentions and, to the extent not specifically addressed herein, find them to be lacking in merit.
Egan Jr., J.P., Aarons, Ceresia and Mackey, JJ., concur.
ORDERED that the orders are affirmed, without costs.

Footnotes

Footnote 1: The older two children, at this point, were already 18 years or older.

Footnote 2: Neither party challenges the determination that the children had been neglected.

Footnote 3: D.T. argues that it was error to adjudicate the children as severely abused because petitioner did not engage in diligent efforts to strengthen the relationship with the parents. We disagree. "In 2013, the Legislature amended Family Ct Act § 1051 (e) so that a 'diligent efforts' finding is no longer a required element of a finding of severe abuse in the context of a Family Ct Act article 10 proceeding" (Matter of Mason F. [Katlin G.-Louis F.], 141 AD3d 764, 765 n 5 [3d Dept 2016] [citations omitted], lv denied 28 NY3d 905 [2016]; see Matter of Brooke T. [Justin T.], 156 AD3d 1410, 1412 [4th Dept 2017]).