Matter of Addilyn I. (Richard I.) (2026 NY Slip Op 00174)

Matter of Addilyn I. (Richard I.)

2026 NY Slip Op 00174

Decided on January 15, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 15, 2026

CV-24-1313
[*1]In the Matter of Addilyn I. and Another, Alleged to be Neglected and Abused Children. Delaware County Department of Social Services, Respondent; Richard I., Appellant.

Calendar Date:December 10, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and Corcoran, JJ.

Lisa K. Miller, McGraw, for appellant.
Amy B. Merklen, County Attorney, Delhi (Molly B. Magnis of counsel), for respondent.
Peter P. Charnetsky, Vestal, attorney for the children.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Delaware County (John Hubbard, J.), entered July 12, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected and abused.
Respondent (hereinafter the father) is the father of the subject children (born in 2020 and 2021). From approximately 2020 until 2023, the father and the mother of the children resided together and jointly raised the children. On August 2, 2023, petitioner received a Child Protective Services hotline report alleging that the younger child was being sexually abused by both the father and the mother. The next day, the younger child was examined by a pediatric sexual assault nurse examiner (hereinafter the SANE) who indicated that there were signs of sexual abuse. Following a second examination of the younger child, the SANE reported sexual abuse.
Thereafter, petitioner commenced this Family Ct Act article 10 proceeding alleging that the father and the mother abused and neglected the children and, at a preliminary hearing, the father and the mother consented to the temporary removal of the children. Prior to the fact-finding hearing, the mother admitted to neglecting the children for her failure to exercise adequate and sufficient supervision of the children, as she knew that the father is a convicted sex offender. Following a fact-finding hearing, Family Court determined that the father had sexually abused the younger child by committing the offense of sexual abuse in the first degree (see Penal Law § 130.65) and derivatively neglected the older child. The father appeals.
The father contends that Family Court erred in finding that he committed sexual abuse of the younger child as petitioner failed to meet its prima facie burden by a preponderance of the evidence. We disagree. "To establish sexual abuse in a Family Ct Act article 10 proceeding, the petitioner is required to prove by a preponderance of the evidence that the respondent committed or allowed another to commit acts constituting crimes under Penal Law article 130" (Matter of Kaleb LL. [Bradley MM.], 218 AD3d 846, 848 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Kaydence O. [Destene P.], 162 AD3d 1131, 1132 [3d Dept 2018]). "Proof of injuries to a child that would ordinarily not occur absent an act or omission of the respondent, along with evidence that the respondent was the caretaker of the child at the time of the injury, shall be prima facie evidence of abuse or neglect, thereby shifting the burden to the respondent to rebut the presumption of culpability by offering a reasonable and adequate explanation for how the child sustained the injury" (Matter of Allylynn YY. [Dorian A.], 184 AD3d 972, 973 [3d Dept 2020] [internal quotation marks, brackets and citations omitted]; see Matter of Brooke OO. [Lawrence OO.], 74 AD3d 1429, 1430 [3d Dept 2010], lv denied 15 NY3d 706 [2010]). "[D]erivative neglect [*2]may be found where the evidence demonstrates an impairment of parental judgment to the point that it creates a substantial risk of harm for any child left in that parent's care" (Matter of Sariyah T. [Deidre R.], 238 AD3d 1253, 1254 [3d Dept 2025] [internal quotation marks and citations omitted]; see Matter of Baylee F. [Jeanette E.], 231 AD3d 1318, 1321 [3d Dept 2024]). "Family Court's factual findings and credibility determinations are accorded great weight in such a proceeding and will not be disturbed on appeal unless they lack a sound and substantial basis in the record" (Matter of Joshua R. [Kimberly R.], 216 AD3d 1219, 1220 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 40 NY3d 905 [2023]; accord Matter of Ja'Sire FF. [Jalyssa GG.], 206 AD3d 1076, 1077 [3d Dept 2022], lv denied 38 NY3d 912 [2022]).
At the fact-finding hearing, petitioner presented the testimony of the younger child's teacher,[FN1] the mother, the SANE and the father. The teacher stated that at the time of the incident the child was two years old and was not potty trained. She testified that on August 2, 2023, the child consistently rebuffed her efforts to change her diaper. On the one occasion where the teacher was able to change her, she noticed a bruise on the child's inner thigh near her vaginal area. When the teacher went to wipe the child, she yelled "ow," "stop," started screaming and put her hands down to block her vaginal area. The teacher also stated that the child was very reluctant to lay down on her cot to take a nap, she started screaming and crying in hysterics and that this was very different from her usual behavior. She further testified that based on her education, training and experience, this type of behavior was very out of the ordinary. The mother testified that she knew the father was a level one sex offender, that she and the father lived together for three years,[FN2] that they were living together in August 2023, that the children were left alone with the father occasionally, that the younger child slept in between them in their bed, that the father changed the younger child's diapers and sometimes wiped her too much and that she did not change the younger child's diapers on August 2, 2023.
The SANE stated that she has been a registered nurse for approximately 38 years and has been a pediatric certified SANE since 2006. She testified that she found multiple bruises on the child's body and a granulating healing injury — "what we would consider kind of like a scab" — in the perihymenal area, which "in layman's terms [is] just outside of her vaginal canal," which is indicative of an acute penetrating trauma related to sexual abuse. The SANE further testified that since the injury was not actively bleeding and had granulated tissue, the injury more than likely occurred within 12 to 24 hours prior to the examination. The SANE relayed that she examined the child a second time to confirm that the injury was healing and was not part of [*3]the child's baseline genitalia normal anatomical process. The SANE also testified that the injury was not consistent with a fall. Petitioner called the father as a witness, but he refused to testify asserting his Fifth Amendment constitutional privilege against self-incrimination. The father did not call any witnesses.
Family Court concluded that petitioner established a prima facie case of sexual abuse of the younger child and derivative neglect of the older child, and we find no basis upon which to disturb the court's findings (see Matter of Rosalynne AA. [Bridget AA.], 219 AD3d 1024, 1026 [3d Dept 2023]; Matter of Ashley RR., 30 AD3d 699, 700 [3d Dept 2006]). Family Court also determined that petitioner's witnesses were credible and that the mother's explanations for the younger child's injury were unreasonable. After taking a negative inference against the father for his failure to testify, it found that petitioner presented sufficient proof, by a preponderance of the evidence, that the father sexually abused the younger child. Upon our independent assessment of the record, and, deferring to the court's findings and credibility determinations including that the father's failure to testify at the hearing allowed Family Court to draw the strongest possible inference against him (see Matter of Cailynn O. [Vincenzo Q.], 192 AD3d 1408, 1413 [3d Dept 2021]; Matter of Makayla I. [Caleb K.], 162 AD3d 1139, 1142 [3d Dept 2018]), in our view there is a sound and substantial basis supporting the court's finding of sexual abuse against the father (see Penal Law § 130.65 [3], [4]; Matter of Kaleb LL. [Bradley MM.], 218 AD3d at 849; Matter of Kaydence O. [Destene P.], 162 AD3d at 1133-1134).
Additionally, there is a sound and substantial basis in the record to support Family Court's finding that the father's sexual abuse of this "very young and defenseless child" demonstrates that the father "lacks any capacity to care for and protect the other child[ ] in his . . . care" (Matter of Raelene B. [Alex D.], 179 AD3d 1315, 1318 [3d Dept 2020] [internal quotation marks and citation omitted], and evinces a flawed understanding of his duties and impaired parental judgment sufficient to support the court's finding of derivative neglect of the older child (see id.; Matter of Sabrina M., 6 AD3d 759, 761 [3d Dept 2004]).
Aarons, J.P., Ceresia, Fisher and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: This witness was one of the daycare staff at Opportunities for Otsego and was responsible for, among other things, caring for the children attending the daycare facility, creating activities, diapering, bathrooming and assisting the children with mealtimes.

Footnote 2: The mother testified that for a brief period of time from approximately December 2022 until early January 2023 the parties did not reside together.